IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02557-BNB

LOUIS WARREN,

    Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Louis Warren, is a state prisoner incarcerated at the Sterling Correctional Facility in Sterling, Colorado. He pleaded guilty to a state racketeering charge in Case No. 04CR3398 in the Jefferson County, Colorado, District Court and is serving a twenty-nine year prison sentence. Mr. Warren has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 3], and a Brief in Support [Doc. No. 4] challenging his conviction as contrary to the United States Constitution. He has paid the $5.00 filing fee applicable to habeas corpus actions.

    In an order filed on December 8, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a pre-answer response on December 29, 2010. Applicant filed a reply on January 20, 2011.

    The Court must construe liberally the Application filed by Mr. Warren because he

is not represented by an attorney. *See **Haines v. Kerner**,* 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon**,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See **Hall**,* 935 F.2d at 1110. For the reasons stated below, the Application will be denied as time-barred.

## I. Background and State Court Proceedings

On April 25, 2005, Mr. Warren pleaded guilty to one count of racketeering in violation of the Colorado Organized Crime Control Act in Jefferson County District Court Case No. 04CR3398. Application at 2; Pre-Answer Resp. Ex. A at 5. He was sentenced to twenty-nine years in prison and ordered to pay restitution in the amount of $63,342. *Id.* Mr. Warren did not file a direct appeal of his conviction or sentence. Application at 2.

On June 29, 2005, Applicant filed a motion for sentence reconsideration and requested a delayed ruling. Pre-Answer Resp. Ex. A at 14. On April 3, 2006, Mr. Warren filed a motion for post-conviction relief pursuant to Colo. Crim. P. 35(c), which was denied by the trial court on April 30, 2006. *Id.* at 13. He appealed the trial court's order. *Id.* The Colorado Court of Appeals granted a motion to dismiss the appeal on August 3, 2006. *Id.* On September 22, 2006, Mr. Warren filed a renewed motion to reconsider sentence. Pre-Answer Resp. Ex. A at 13. The trial court denied the motion on September 28, 2006. *Id.* at 12. Applicant did not appeal the trial court's order.[1] *Id.*

On May 23, 2008, Mr. Warren filed a second motion for post-conviction relief

---

[1] The Court notes that although the register of actions for Case No. 04CR3398 reflects that Mr. Warren filed a Designation of Record on Appeal in the trial court on October 20, 2006, he did not file a Notice of Appeal, nor is there any filing in the register to indicate that a case was opened in the Colorado Court of Appeals. Pre-Answer Resp. Ex. A at 12.

2

pursuant to Colo. Crim. P. Rule 35(c). Pre-Answer Resp. Ex. A at 12. The trial court denied the motion on June 1, 2008. *Id.*

Mr. Warren filed a "Motion to Correct Illegal Sentence Pursuant to Rule 35(a)" on March 9, 2009, which was denied by the trial court on March 12, 2009. *Id.* at 12. On appeal, the Colorado Court of Appeals affirmed the district court's order. Pre-Answer Resp. Ex. C. The Colorado Supreme Court denied Mr. Warren's petition for certiorari review on September 9, 2010. Pre-Answer Resp. Ex. A at 9.

Mr. Warren initiated this action on October 14, 2010. He asserts three claims in his Application: (1) the trial court breached the plea agreement by not allowing him to participate in determining the amount of restitution; (2) his guilty plea was invalid because he was convicted twice of the same offense in violation of double jeopardy; and (3) plea counsel provided constitutionally ineffective assistance at sentencing, rendering Applicant's sentence invalid. Application, at 5-6. In his Brief in Support of Petition, Mr. Warren purports to assert two additional claims: (4) his sentence violates due process because it is outside the statutory presumptive range and is based on facts that he did not admit to in his plea proceeding; and (5) his plea is invalid because the court failed to require the prosecution or defense counsel to establish the factual basis for the charge after Mr. Warren objected to the same. *See* Brief in Support, at 5-8; 17-18.

Respondents argue that the Application is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Pre-Answer Resp. at 4-5. Respondents further maintain that Applicant's claims are procedurally barred from federal habeas review. Pre-Answer Resp. at 8-9. The Court does not reach Respondents procedural

3

default arguments because the Court agrees that the Application is time-barred.

## II. AEDPA Time Bar

Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Warren's conviction became final on July 18, 2005, forty-five days after he was sentenced on June 3, 2005. *See* Colo. App. R. 4(b). Accordingly, the statute

4

started to run on July 19, 2005, unless any of Mr. Warren's state post-conviction motions tolled the one-year limitation period.

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The AEDPA time clock was tolled during the pendency of Mr. Warren's state post conviction motions filed on June 29, 2005, and April 3, 2006. The Colorado Court of Appeals dismissed Mr. Warren's appeal of the trial court's denial of his first Colo. Crim. P. Rule 35(c) motion on August 3, 2006. The trial court then denied Mr. Warren's renewed motion for sentence reconsideration on September 28, 2006. The limitations

5

period therefore did not begin to run until September 29, 2006, but then **601 days** passed before Mr. Warren filed a second post-conviction motion under Colo. Crim. P. Rule 35(c) on May 23, 2008. As of May 23, 2008, more than twelve months had expired on the AEDPA time clock without any state post-conviction filings to toll it. "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." ***Clark v. Oklahoma***, 468 F.3d 711, 714 (10th Cir. 2006); ***Fisher v. Gibson***, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (a collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations). Accordingly, Mr. Warren's Application is time barred, absent equitable tolling.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. ***See Miller v. Marr***, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. ***See Gibson v. Klinger***, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. ***See Miller***, 141 F.3d at 978. Finally, Mr. Warren bears the burden of demonstrating that equitable tolling is appropriate in this action. ***See id.***

Mr. Warren fails to allege any facts that might justify equitable tolling of the one-year limitation period. Instead, he argues that he filed his March 2009 motion to correct an illegal sentence under Colo. Crim. P. Rule 35(a), "which has no time bar

attached." Reply at 3. This argument is unavailing. Although Colorado law does provide that a motion to correct an illegal sentence may be filed in state court at any time, *see* Colo. Crim. P. Rule 35(a), that is separate from and does not alter the limitations period set by federal law for bringing a § 2254 petition in federal court. Therefore, the Court finds that Mr. Warren fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application [Doc. No. 3], together with the Brief in Support [Doc. No. 4], is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Warren has not made a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c).

Dated this 9th day of February, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02557-BNB

Louis Warren
Prisoner No. 4919
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 9, 2011.

                       GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk